T.C. Summary Opinion 2012-71

UNITED STATES TAX COURT

DAVID BRIAN SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25101-10S.                    Filed July 18, 2012.

David Brian Smith, pro se.

<u>Andrew R. Moore</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $2,719 income tax deficiency for petitioner's 2008 tax year. The deficiency stems from two adjustments, both of which have been conceded. The remaining question for our consideration concerns whether petitioner is entitled to a deduction for additional expenses claimed on Schedule C, Profit or Loss From Business, after issuance of the notice of deficiency.

Background

At the time his petition was filed, petitioner resided in California. Before 2008 petitioner conceived an idea for a device that would enhance the ability of individuals to wash their backs while showering. The device would be affixed to the shower wall by suction, and it had brushes of varying stiffness that could be attached to it. By means of battery-supplied electricity, the device would rotate and be capable of scrubbing a person's back. Initially, petitioner manufactured a prototype from available metal parts. Finding that the metal device was too heavy to easily affix to the shower wall, petitioner manufactured a second prototype with the outer case fashioned from plastic and the internal operating parts made of

metal. After testing it, however, petitioner concluded that his second prototype was also too heavy and would be difficult to affix to the shower wall.

Before and during 2008 petitioner did extensive research about other plastic devices. In general, he would purchase established products and dismantle them to understand the construction and dynamics that might be applicable to his device. Ultimately, petitioner concluded that his device must be made entirely of plastic. In order to manufacture the device from plastic, petitioner would have to purchase injection molds. Petitioner sought the advice of individuals who were familiar with injection molding. He also sought the advice of an individual familiar with marketing principles and paid that person's travel expenses to visit manufacturers of injection molds or producers of product.

Petitioner did not have a workshop available to him locally, and he relied on a facility maintained by a friend who had a workshop with the tools needed to build and experiment with the prototype product. Petitioner regularly traveled to his friend's workshop to work on his prototypes. He used his truck[2] to travel to the workshop and to purchase parts or supplies for his activity.

Petitioner used his own capital to fund and develop his product. Once petitioner had completed the design of the product and settled on the use of plastic

---

[2]Petitioner also had a second vehicle that he used for personal purposes.

for the case and operating parts of the device, he sought the expertise of several people concerning manufacture and marketing of the product. Through that process, petitioner learned that he did not then have sufficient capital to fund the cost of the injection molds. During 2008 petitioner was actively involved in product development and in seeking capital to fund the manufacture and sale of his device.

In connection with the audit of petitioner's 2008 Federal income tax return, respondent determined that he had failed to report $4,230 in nonemployee compensation and $16,566 of retirement income. Those two adjustments resulted in a proposed income tax deficiency of $2,719. Respondent did not question petitioner's Schedule C loss from manufacturing of $5,632. After his case was docketed with this Court, petitioner submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for his 2008 income tax year, claiming that his Schedule C manufacturing loss was understated and that the correct amount was $13,532, which was $7,900 more than originally claimed. Petitioner supplied respondent with documentation in an attempt to substantiate a larger loss, but the parties were unable to agree, resulting in the instant controversy.

## Discussion

The controversy between the parties is limited to whether petitioner can show that he is entitled to deduct a loss in excess of the amount originally claimed on Schedule C of his 2008 income tax return. Respondent, in his trial memorandum, contends that petitioner has not shown that he is entitled to any amounts in excess of those that were not questioned during the examination.[3]

Section 162 provides for a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Deductions are not allowed for personal or living expenses. Sec. 262. Finally, in connection with expenditures for travel, meals, and entertainment, there is a more stringent standard of substantiation. See sec. 274(d).

Respondent did not question whether petitioner was engaged in a business activity or whether he was entitled to a loss. We therefore limit our inquiry to whether petitioner has shown entitlement to deduct amounts in excess of those he

---

[3]Petitioner, during the litigation process, submitted a Form 4562, Depreciation and Amortization, seeking to make a sec. 179 election to expense $6,000 in capital expenditures. Petitioner's election is untimely, and the expenditures are unsubstantiated. We, accordingly, give no consideration to that aspect of the controversy.

originally reported.[4]  After reviewing petitioner's documentary evidence and testimony we have concluded that petitioner is entitled to deduct amounts in excess of those originally claimed.  At trial petitioner provided documentation and testimony that supported amounts in excess of the amounts respondent permitted. The documents presented in Court were likely the same as or similar to those presented during the administrative process.  The difference is that petitioner was able to provide documentation for expenses which, in the aggregate, exceeded the amounts respondent allowed.  The following schedule reflects the amounts petitioner originally claimed, his amended claims, the difference between the original and amended amounts, and the additional allowance decided by the Court:

---

[4]There is no dispute between the parties concerning the burden of proof. Petitioner bears the burden of showing his entitlement to the deductions in controversy.  See Rule 142(a).

| Expense | Original | Amended | Difference | Additional allowance |
|---|---|---|---|---|
| Car and truck[1] | $451 | $2,957 | $2,506 | $2,506 |
| Legal and professional | 600 | 600 | -0- | -0- |
| Office | 816 | 2,115 | 1,299 | 1,299 |
| Taxes and licenses | 74 | 74 | -0- | -0- |
| Travel meals and entertainment | 1,096 | 1,096 | -0- | -0- |
| Utilities | 480 | 834 | 354 | -0- |
| Other[2] | 2,115 | 206 | (1,909) | (1,909) |
| Depreciation | -0- | 4,600 | 4,600 | -0- |
| Supplies | -0- | 816 | 816 | 816 |
| Deductible meals and entertainment | -0- | 234 | 234 | 234 |
| Total | 5,632 | 13,532 | 7,900 | 2,946 |

[1]Petitioner provided evidence showing his cost of operating and maintaining the truck he used exclusively for his manufacturing business.  Additionally, no amount has been allowed for depreciation of the truck as petitioner did not establish the basis and/or prior use or depreciation of the vehicle.

[2]The $2,115 on the original and amended returns comprised $939 for "Gears, Plastics molds, small motors, low voltage batteries-product development" and $1,176 for "Donations".  Although the categories were changed, the amounts remained the same.  The increased amount claimed and substantiated for cell phone use has not been allowed, to account for personal use.

Accordingly, petitioner is entitled to deduct Schedule C expenses of $2,946 in addition to the $5,632 of expenses he claimed and that respondent allowed for his 2008 tax year.

In view of the foregoing, we hold that petitioner is entitled to deduct an $8,578 Schedule C loss for 2008, an amount $2,946 larger than his original claim of $5,632.

To reflect petitioner's concessions and the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.